[No. 20273.  Department Two.  March 7, 1927.]

I. D. GIBSON, *Respondent,* v. CITY OF CENTRALIA,
*Appellant.*[1]

[1] EMINENT DOMAIN (164) — MUNICIPAL CORPORATIONS (197) — REMEDY OF OWNERS—RECOVERY OF POSSESSION. Where a city has wrongfully appropriated a right of way without making any compensation, it is not entitled to enjoin or stay a suit to recover compensation, in order to allow it to elect to abandon the appropriation or condemn the right, where it has at no time expressed any intention to abandon the appropriation.

[2] SAME. Where a city has wrongfully appropriated a right of way without making any compensation, it is liable for the damages as a general indebtedness of the city, notwithstanding the improvement in question was undertaken with a view of payment of the cost by levying special benefits against the property benefited.

[1]Reported in 253 Pac. 787.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered July 9, 1926, upon the verdict of a jury in favor of the plaintiff, in an action for damages to property.   Affirmed.

*Delos Spaulding,* for appellant.

*Dysart & Ellsbury* and *Lloyd B. Dysart,* for respondent.

PARKER, J.—The plaintiff, Gibson, commenced this action in the superior court for Lewis county seeking recovery of compensation for a sewer easement right of way appropriated by the defendant city under its power of eminent domain across his two adjoining residence lots in the city, it not having prosecuted any condemnation proceedings looking to the determination or payment to him of just compensation for such appropriation.   A trial in the superior court sitting with a jury resulted in verdict and judgment awarding to Gibson recovery in the sum of six hundred dollars, from which the city has appealed to this court.

There is no serious conflict as to the controlling facts other than as to the amount of compensation to which Gibson is entitled from the city.   In May, 1925, the city passed an ordinance providing for the construction of a sewer system covering a large district within the city, to be paid for exclusively by local assessments against the properties benefited thereby.   Gibson's adjoining lots here in question were each twenty-five by one hundred feet in area and constitute an ordinary single residence site, though Gibson has not as yet constructed any residence thereon.   During the progress of the construction of the sewers, the city, in October, 1925, appropriated a right of way diagonally clear across Gibson's lots from near the northeast corner to near the southwest corner thereof, and constructed thereon one

of the lines of the sewer system. The sewer pipe is laid therein approximately ten feet below the natural surface of the ground. The extent of the appropriation by the city had to be determined by what it actually did. The trial judge correctly ruled upon the evidence introduced upon the trial that the city had actually appropriated an easement right of way for the purpose of maintaining thereon a sewer substantially as then constructed by the city, with right of access thereto for repair or re-construction, leaving the surface use of the ground in Gibson at all times subject to such right of access by the city.

The sewer line so constructed across Gibson's lots was practically completed before he discovered what the city was doing with reference thereto, so his right of injunction to prevent the appropriation by the city was then seemingly not available to him, since the appropriation was practically completed by the city and was plainly the exercise of the city's power of eminent domain. Thereafter, the city not having taken any steps looking to the determination or payment of Gibson's just compensation for such appropriation of his property, he commenced this action seeking judgment against the city for such compensation. The case proceeded to trial with the result already noticed.

[1] Contention is made that the trial court should have stayed the proceedings in this action for a reasonable time to allow the city to elect to abandon the appropriation it had made of Gibson's property, or commence formal condemnation proceedings looking to Gibson's compensation. Manifestly, the ruling of the court in allowing this action to proceed to trial worked no prejudice whatever to the city, for the record renders it conclusive that the city has, at no time since making the appropriation, expressed any intention of

electing to abandon its appropriation, but has at all times asserted its right to the appropriated right of way.

[2]   Contention is made that, since the city constructed this sewer system as a local improvement to be paid for exclusively by local assessments upon the properties benefited thereby, it is not liable as a general indebtedness to Gibson.   Our decision in *Pratt v. Seattle,* 111 Wash. 104, 189 Pac. 565, where a somewhat similar problem was considered, renders it plain that Gibson has the right to look to the city to pay his just compensation as a general indebtedness of the city, in view of the fact that it created that obligation by the exercise of its power of eminent domain.   Whether or not the city will be able to reimburse itself by special assessments against the property within the local improvement district is of no concern to Gibson.

Contention is made that the award of compensation is excessive.   Our reading of the evidence convinces us that it cannot be so decided as a matter of law. There was abundant creditable evidence supporting the award, as to amount, made by the jury.   Thus, the court is not privileged to interfere.   Other contentions, briefly presented, we think, are without substantial merit.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, BRIDGES, and ASKREN, JJ., concur.